UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT
_____

EKATERINA SCHOENEFELD,

        Plaintiff-Appellee,        DECLARATION
                                              IN OPPOSITION TO
                                              MOTION OF AMICUS
                                              NEW JERSEY STATE
       -against-                    BAR ASSOCIATION
                                              TO PRESENT ORAL
                                              ARGUMENT

STATE OF NEW YORK, et al.,           **Docket No. 11-4283-cv**

        Defendants-Appellants.
_____

      LAURA ETLINGER, a lawyer duly admitted to the courts of the State of New York and this Court, does hereby declare the following under penalty of perjury:

      1.    I am an Assistant Solicitor General in the office of ERIC T. SCHNEIDERMAN, Attorney General of the State of New York and attorney for defendants-appellants ("appellants"). I am responsible for handling the appeal on behalf of appellants, and submit this declaration in opposition to the motion of amicus New Jersey State Bar Association for leave to participate in oral argument of this appeal.

      2.    Plaintiff-appellee ("appellee"), a nonresident attorney admitted to practice in the New York courts, was granted summary judgment in her

constitutional challenge under the Privileges and Immunities Clause to New York Judiciary Law § 470, which requires nonresident attorneys to maintain an "office" within the State in order to practice in the State courts but does not define "office."

3. Amicus New Jersey State Bar Association has filed a brief, on consent, in support of the position of appellee Schoenefeld, and now seeks permission to participate in oral argument.  However, amicus fails to establish, or even suggest, that the issue presented on appeal has not been fully and adequately addressed by the parties' briefs, or that appellee is not capable of a full presentation of the issue and her position to the Court at oral argument.  Nor has amicus demonstrated that the information in its amicus brief regarding New Jersey's experience with its "evolving bona fide office," which differs from the New York statute, and the New Jersey State Bar Association's recommendations regarding future rules governing the use of virtual offices in that State, *see* Affidavit of David B. Rubin In Support of Motion; Brief of Amicus New Jersey State Bar Association at 4-16, are necessary to resolve appellee's facial challenge to the New York statute.  Even if the New Jersey rule had any relevance to the objectives and constitutionality of New York law, amicus has already provided such information to the Court in its brief and has not demonstrated that its participation in oral argument is necessary.

4. In sum, amicus New Jersey State Bar Association has not presented

any compelling reason for the Court to depart from its general practice of limiting participation in oral argument to the parties. Accordingly, appellants respectfully request that the motion of amicus New Jersey State Bar Association to participate in oral argument be denied.

|  |  |
|---|---|
| Dated: Albany, New York<br>May 10, 2012 | /s/ Laura Etlinger<br>_____<br>LAURA ETLINGER |